UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TISHAWN HUNTER | : | NO. 3:03CV236 (CFD) |
| | : | |
| VS. | : | |
| | : | |
| COMMISSIONER OF PUBLIC WORKS | : | |
| AND THE UNITED STATES | : | OCTOBER 17, 2005 |

**THE DEFENDANT'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the defendant Commissioner of Public Works moves for summary judgment against the plaintiff's claims. The plaintiff – an inmate confined to the custody of the Connecticut Department of Correction ("DOC") – has sued the United States and the Commissioner of Public Works for the State of Connecticut ("Commissioner") arguing that they have interfered with mail which he has sent to his sister in South Carolina. The Commissioner moves for summary judgment because he has no personal involvement in the delivery of mail to or from Connecticut correctional institutions.

**I.   FACTS**

   **A.   PROCEDURAL HISTORY**

The plaintiff initiated this action in Small Claims Court in Manchester, Connecticut. The defendant named as defendants the Commissioner of Public Works and the United States Post Office. The Post Office removed this case to the United States District Court for the District of Connecticut. After the case was removed to federal court, the United States was substituted for the Post Office. The undersigned represents the Commissioner only in this action.

### B.  BACKGROUND

This is a pro se 42 U.S.C. § 1983 civil rights action in which the plaintiff, an inmate confined to the custody of the DOC, seeks damages for the alleged violation of his rights. Specifically, the plaintiff asserts that he has attempted on various occasions to send letters to his sister in South Carolina. He alleges that the defendants have somehow interfered with the delivery of this mail. He alleges that the letters have been sent back to him, causing great emotional distress. The plaintiff was (and is currently) incarcerated at the Northern Correctional Institution at the time he filed the action. See Ex. A (movement sheet).

As evidenced by the affidavit of Remi Acosta, who is the district administrator for the Northern District of facilities for the DOC (which includes Northern), the Commissioner of Public Works has no involvement in the delivery of mail to or from Connecticut correctional facilities. See Ex. B (Affidavit of Remi Acosta).

### II.  STANDARD OF REVIEW

Summary judgment is appropriately granted when evidentiary records show that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(c). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, 477 U.S. 242, 247-48 (1986). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims . . . [and] it should be interpreted in a way that allows it to accomplish this purpose." Celotex v. Catrett, 477 U.S. 317, 323, 324 (1986).

While the Court must view the facts presented in the light most favorable to the party opposing the motion, a party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a Motion for Summary Judgment." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986), cert. denied, 480 U.S. 932 (1987).  Additionally, "mere conclusory allegations or denials in legal memoranda or oral argument are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist."  Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 445 (2d Cir. 1990).  Once the movant has met his burden, "the nonmoving party, in order to defeat summary judgment, must come forward with evidence that would be sufficient to support a jury verdict in his favor."  Goenaga v. March of Dimes Birth Defects Foundation, 51 F.3d 14, 18 (2d Cir. 1995).

### III.   ARGUMENT

The plaintiff asserts that his rights under the First Amendment to the United States Constitution have been violated by the alleged mail mix-up.  Constitutional rights are litigated pursuant to 42 U.S.C. § 1983.  It is settled law in this circuit that in a civil rights action for monetary damages against a defendant in his individual capacity, a plaintiff must demonstrate the defendant's direct or personal involvement in the actions which are alleged to have caused the constitutional deprivation.  Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).  "A supervisor may not be held liable under section 1983 merely because his subordinate committed a constitutional tort." Leonard v. Poe, 282 F.3d 123, 140 (2d Cir. 2002).  Section 1983 imposes liability only on the official causing the violation.

As detailed in the affidavit of Mr. Acosta, the Commissioner of Public Works has no involvement in the delivery of mail to or from correctional facilities in Connecticut. The Commissioner's role with respect to DOC facilities is limited to their construction and modification. He has no role in the day to day administration of prisons and therefore he is not a proper party to a § 1983 action.

## IV.  CONCLUSION

For the reasons set forth above, the plaintiff has failed to demonstrate the existence of material issues of fact concerning the claims raised in his complaint. The undersigned respectfully urges that the motion for summary judgment be granted in the defendant's favor.

> DEFENDANT,
> Commissioner of Public Works
>
> RICHARD BLUMENTHAL
> ATTORNEY GENERAL
>
>
> BY:___/s/_____
>    Neil Parille
>    Assistant Attorney General
>    Federal Bar No. ct15278
>    110 Sherman Street
>    Hartford, CT 06105
>    Telephone No..: (860) 808-5450
>    Fax No.: (860) 808-5593
>    Email: neil.parille@po.state.ct.us

**CERTIFICATION**

      I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid, this 17th day of October, 2004 to:

Tishawn Hunter, Inmate No. 214918
Northern Correctional Institution
287 Bilton Road, P.O. 665
Somers, CT 06071

Douglas Morabito
Assistant United States Attorney
157 Church Street
New Haven, CT 06508

                                                        __/s/_____
                                                        Neil Parille
                                                        Assistant Attorney General