UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TISHAWN HUNTER, | : | |
| Plaintiff, | : | CIVIL NO. 3:03cv236(CFD) |
| v. | : | |
| | : | |
| COMMISSIONER OF PUBLIC WORKS, and POST OFFICE/POSTMASTER, SOMERS, CT | : : | |
| | : | |
| Defendants. | : | OCTOBER 20, 2005 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

The defendant, United States of America, moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment on plaintiff's complaint because the Court lacks subject matter jurisdiction.[1] For all the reasons that follow, the motion for summary judgment should be granted.

### I. FACTS/PROCEDURAL HISTORY

The defendant has submitted a Local Rule 56(a)1 Statement, and supporting exhibit, which is wholly incorporated by reference herein.

Plaintiff, Tishawn Hunter, originally commenced this action by small claims writ and notice of suit in the Connecticut Superior Court, Small Claims Session in the Judicial District of Tolland at

---

[1] On April 24, 2003, the United States was substituted as the federal defendant in this action.

Rockville seeking damages arising out of the United States Postal Service's ("USPS") alleged misdelivery of his personal mail. Specifically, plaintiff claims that his mail is not being delivered to his sister in South Carolina but instead, that it is being misdelivered and then subsequently returned to him.

On February 5, 2003, the defendant filed a notice of removal in the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § 2679(d)(2). Plaintiff has never submitted an administrative claim to the United States Postal Service claiming that his mail is being misdelivered. (See Declaration of Andrea Lee Hillier).

## II.   STANDARD OF REVIEW

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a mater of law." Rule 56(c), Fed. R. Civ. P. The burden of establishing that there is no genuine factual dispute rests with the moving party. Gallo v. Prudential Residential Services Ltd. P'ship, 22 F. 3d 1219, 1223 (2d Cir. 1994). In ruling on a motion for summary judgment , the Court must resolve all ambiguities and draw all reasonable inferences in favor of plaintiff, as the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Therefore, 'only when reasonable

minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

### III. ARGUMENT

The defendant is entitled to summary judgment because it is undisputed that the Court lacks subject matter jurisdiction. Specifically, because plaintiff has failed to exhaust his administrative remedies and because the waiver of sovereign immunity under the Federal Tort Claims Act ("FTCA"), 26 U.S.C. § 2674, does not extend to the misdelivery of mail, the defendant's motion for summary judgment must be granted.

A.  Exhaustion

The defendant is entitled to summary judgment on plaintiff's complaint because it is undisputed that he has not exhausted his administrative remedies as required under the FTCA.

Generally, the United States is immune from civil suit by private parties, except where the United States has expressly consented to suit, as set forth by statute. United States v. Mitchell, 445 U.S. 535, 538 (1980). The FTCA describes one of the limited instances in which the United States waives its sovereign immunity and consents to be sued for personal injury caused by the negligent or wrongful act or omission of employees of the Government acting within the scope of their office or employment. See 28 U.S.C. §§ 1346(b), 2671-2680. However, the FTCA requires

3

the filing of an administrative claim with the relevant federal agency, i.e., the USPS, before commencing an action in federal court. See 28 U.S.C. § 2675(a); see also McNeil v. United States, 508 U.S. 106, 113 (1993) (explaining that FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies); 28 C.F.R. § 14.2 (explaining procedure for filing administrative claim with federal agency whose agency gave rise to claim). Failure to exhaust administrative remedies deprives the federal court of jurisdiction to hear an action under the FTCA. See McNeil, 508 U.S. at 113.

Here, the defendant's motion should be granted because the undisputed evidence establishes that plaintiff has not exhausted his administrative remedies and thus he is precluded from bringing this action under the FTCA. (See Declaration of Andrea Lee Hillier); see also McNeil, 508 U.S. at 113. As such, plaintiff's claims against the United States should be dismissed as a matter of law for lack of subject matter jurisdiction.

B.   Waiver of Sovereign Immunity

Even if plaintiff could meet the exhaustion requirement (which he cannot), the defendant is entitled to summary judgment because plaintiff's claim arises out of the alleged misdelivery of the mail, which is expressly excluded from the FTCA under § 2680(b).

Congress in 28 U.S.C. § 2680(a)-(n) expressly excluded certain types of tort cases from the FTCA's waiver of sovereign immunity.

4

These statutory exceptions are construed in favor of the sovereign. United States v. Nordic Village, Inc., 503 U.S. 30, 34, 117 L.Ed.2d 181, 112 S.Ct. 1011 (1992). One of the statutory exceptions, § 2680(b), provides that immunity is not waived with regard to "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). Miscarriage in the context of the mails has been defined as misdelivery. See Birnbaum v. United States, 588 F.2d 319, 328 (2d Cir. 1978).

Section 2680(b) encompasses injuries resulting from the negligent delivery of mail, like plaintiff's claim here. As such, plaintiff's claim is squarely barred by § 2680(b) and thus his complaint must be dismissed for lack of subject matter jurisdiction.[2]

Because Plaintiffs' lawsuit is brought pursuant to the FTCA based on the alleged misdelivery of the mail, and because the United States has not waived its sovereign immunity as to claims of this type, this Court lacks subject matter jurisdiction over plaintiff's complaint. Anderson v. United States Postal Service, 761 F.2d 527, 528 (9th Cir. 1985). Accordingly, the defendant is entitled to summary judgment on plaintiff's complaint.

---

[2]To the extent plaintiff attempts to allege that the United States intentionally diverted his mail, such a claim would be barred by 28 U.S.C. § 2680(h), which excludes certain intentional torts from the waiver of sovereign immunity.

## IV. CONCLUSION

For all of the foregoing reasons, the defendant is entitled to summary judgment on the plaintiff's FTCA claim.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

DOUGLAS P. MORABITO
ASSISTANT UNITED STATES ATTORNEY
157 CHURCH STREET
NEW HAVEN, CT  06508
(203)821-3700
FEDERAL BAR NO. ct20962

CERTIFICATION OF SERVICE

I hereby certify that a copy of the within and foregoing was mailed, postage prepaid, via first-class mail this 20th day of October, 2005, to:

Tishawn Hunter
Inmate # 214918
Northern C.I.
287 Bilton Road
Somers, CT 06071
(Pro Se Plaintiff)

Neil Parille, Esq.
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
(Defendant Commissioner of Public Works)

_____
DOUGLAS P. MORABITO
ASSISTANT UNITED STATES ATTORNEY