UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TISHAWN HUNTER,<br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF PUBLIC WORKS,<br>and POST OFFICE/POSTMASTER,<br>SOMERS, CT,<br>    Defendants. | :<br>:      Civil Action No. 3:03 CV 236 (CFD)<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## **RULING AND ORDER**

Pro se plaintiff Tishawn Hunter, an inmate at the State of Connecticut Northern Correctional Institution in Somers, CT, brought this suit seeking damages for the alleged misdelivery of his personal mail. Hunter claims that the defendants interfered with letters he wrote to his sister in South Carolina, causing that mail not to be delivered and instead returned to him, in violation of his First Amendment rights.

The defendants to this action, the Connecticut Commissioner of Public Works and the United States Postal Service ("USPS"), filed separate motions for summary judgment on October 18, 2005 and October 21, 2005, respectively. On each of those dates, the required notice to respond was sent to the pro se plaintiff. See Docs. # 31, 35. Despite such notice, the plaintiff has failed to file any responsive papers.[1]

---

[1] Hunter did file a letter motion for judgment in his favor on April 20, 2004. See Doc. #20. In the letter, Hunter wrote that he was entitled to judgment in his favor based on a default judgment he had obtained in the Small Claims Session of the Connecticut Superior Court on November 19, 2002. That judgment later was vacated on January 23, 2003, due to the United States Postal Service's claim that it never had been properly served with the small claims suit. The USPS then removed Hunter's small claims suit to this Court on February 5, 2003, pursuant to 28 U.S.C. § 2679. On this factual record, the plaintiff's letter motion for judgment [Doc. #20]

1

Having reviewed the defendants' motions for summary judgment, the Court finds that the undisputed facts entitle the defendants to judgment as a matter of law. See <u>Champion v. Artuz</u>, 76 F.3d 483, 486 (2d Cir. 1996). The defendants' motions for summary judgment [Docs. #28, 32] therefore are GRANTED in their entirety. The Clerk is directed to order judgment in favor of the defendants and close this case.

So ordered this _7th_ day of April 2006 at Hartford, Connecticut.

    /s/ CFD
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**

---

is DENIED. Further, as Hunter's letter motion did not challenge any of the defendants' statements of material facts or their memoranda of law regarding the motions for summary judgment, it cannot be considered a response to those motions.